On August 29, 1975, plaintiff was removed from his position as an Air Traffic Control Specialist, GS-9, with the Federal Aviation Administration (FAA). At the time of his removal he was - and had been for several months - in a leave-without-pay status. During the time he was in this status, he received (and, apparently, continues to receive) compensation under the Federal Employees Compensation Act for temporary total disability arising from a January 1975 accident which he suffered.
The Federal Employee Appeals Authority (FEAA) sustained plaintiffs removal. The Appeals Review Board of the Civil Service Commission refused to reopen and reconsider the FEAA decision. In this court, as before FEAA, plaintiff alleges that his removal was arbitrary and capricious. He seeks reinstatement "to his position as an Air Traffic Control Specialist... in a leave-without-pay status.”
Plaintiff also seeks payment of a within-grade step increase. The within-grade step increase was granted retroactively on October 6, 1975. In a letter dated November 18, 1975, FAA informed plaintiff that it had offset his retroactive within-grade salary increase against the amount plaintiff owed the agency as a result of overdrawing his sick leave balance.
This cause now comes before the court on the parties’ cross motions for summary judgment.[1]
Plaintiffs claim for reinstatement in leave-without-pay status is not a money claim and therefore falls outside the jurisdiction of this court. See United States v. Testan, 424 U.S. 392, 397-398 (1976). Plaintiffs claim for the within-grade step increase is without merit because of the offset. All other arguments raised by plaintiff, although not diréctly addressed by this order, have been considered and found to be without merit.
Accordingly, after consideration of the submissions of the parties, with oral argument of counsel, plaintiffs motion *713 for summary judgment is denied. The Government’s motion for summary judgment is granted. Plaintiffs petition is dismissed.
Plaintiffs motion for amendment of judgment was denied May 1,1981.

 Plaintiff’s petition also sets forth a claim for some backpay. Plaintiff’s motion and briefs, however, ignored the claim and plaintiff’s counsel verbally expressed disinterest in the claim during oral argument. As a result, plaintiff is considered to have abandoned this claim. See, eg., Singer Co. v. United States, 215 Ct.Cl. 281, 321, 568 F.2d 695, 717-18 (1977).